UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

FRED C. ARKO, JR.,                               No. 03-13010

                    Debtor(s).
_____/

RAF ENTERPRISES, LLC, et al.,

                    Plaintiff(s),

    v.                                   A.P. No. 04-1030

FRED C. ARKO, JR.,

                    Defendant(s).
_____/

Amended Memorandum on Motion for Relief from Judgment
_____

      The facts of this case are set out in detail in the California Court of Appeal decision which is in the record. The short version is that Arko, who was a landlord of commercial premises, declined to approve the assignment of a lease unless Arko received an interest in the business to be operated on the premises. A jury trial was held in state court, and the jury made specific findings that Arko was liable to plaintiffs in this case for intentional interference with contractual relations and that in so acting Arko was guilty of malice. The jury awarded about $10 million in actual damages and $45,000.00 in punitive damages. By this adversary

1

proceeding, plaintiffs sought to have the judgment declared nondischargaeble.

Plaintiffs moved the court for summary judgment on February 23, 2007, arguing that the findings of the state court jury precluded Arko from arguing that the judgment was based on willful and malicious injury and the judgment was therefore nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code. Arko did not oppose the motion. The motion was granted on April 6, 2007, and judgment was entered on April 20, 2007.

On March 25, 2008, Arko filed the instant motion to vacate the judgment. He argues that pursuant to FRCP 60(b) and FRBP 9024 the judgment should be set aside due to excusable neglect. Arko cites his physical and emotional problems as reasons for his failure to respond to the summary judgment motion.

The court understands Arko's physical and psychological problems. The court could see his emotional state deteriorate as the bankruptcy proceedings went on. The court also has some sympathy for Arko notwithstanding the jury verdict. The court wishes to make clear that it finds that Arko has acted in good faith in this case, that the delay in seeking relief is reasonable under the circumstances, and the prejudice to plaintiffs would be minimal and easily compensated if the court were to grant the motion. However, the court sees no point to setting aside the judgment because Arko has no defense to the action.

Ordinarily, the mere fact that a state jury awarded punitive damages is enough to preclude defending a § 523(a)(6) action in subsequent bankruptcy proceedings. *In re Krishnamurthy*, 209 B.R. 714, 722 (9th Cir. BAP 1997). Arko argues that this is no longer good law in light of *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), and that now a jury finding of malice alone is not enough; there must also be a finding of willfulness. Assuming this interpretation of the law is correct, in this case the jury expressly found that Arko intentionally interfered with plaintiff's contractual relations and that in doing so he was guilty of malice. There are accordingly findings of both willfulness and malice. Even after *Geiger*, intentional torts are generally considered nondischargeable pursuant to § 523(a)(6). *In re Su*, 290 F.3d 1140, 1143 (9th Cir. 2002). Summary judgment is still required where state court findings establish an intentional tort. *In re Baldwin*, 249

2

1   F.3d 912 (9th Cir. 2001).[1]

2          At its heart, the decision to apply principles of issue preclusion is discretionary. *In re Lopez*,
3   367 B.R. 99, 107 (9th Cir. 2007). In this case, the court sees no justification for it to hold a trial on the merits
4   and reach a different conclusion from that reached by a jury after a full trial in state court. To do so would
5   improperly undermine the state judicial system. See *Baldwin*, 249 F.3d at 920. Since Arko is precluded
6   from seeking findings contrary to those made by the jury, he has no defense to this adversary proceeding and
7   his motion to set aside the judgment will accordingly be denied.

8          Counsel for plaintiffs shall submit an appropriate form of order.

10  Dated: May 11, 2008

                                                          Alan Jaroslovsky
                                                          U.S. Bankruptcy Judge

---

[1] It should be noted that *Kawaauhau v. Geiger* was a medical malpractice case, and the Court held only that debts arising from recklessly or negligently inflicted injuries are dischargeable. 523 U.S. at 64. There is no indication that the Court intended to change the law as to judgments for intentional torts accompanied by express findings of malice. Nor, as is clear from *Baldwin*, has the Ninth Circuit so interpreted the decision.

3